IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Civil Action No.

DEVIN NESDORE, VON A. NESDORE, and DEBRA NESDORE,

**Plaintiffs,**

v.

ADAMS COUNTY SHERIFF'S OFFICE, SARA HANSON, and DOUGLAS N. DARR

**Defendants.**

---

## COMPLAINT AND JURY DEMAND

---

Comes now Plaintiffs, by and through their attorneys PURVIS • GRAY, LLP, and allege the following:

### PRELIMINARY STATEMENT

1.      This is a civil action for compensatory against Defendants, Adams County Sheriff's Office and officers of the Adams County Sheriff's Office, and for punitive damages against the named individual officers of the Adams County Sheriff's Office, for violation of Plaintiffs' constitutional rights by Defendants for the use of excessive force in making an arrest.

2.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 for violation of the Fourth and Fourteenth Amendments to the United States Constitution.  This Court has jurisdiction of this action under 42 U.S.C. § 1983, 28 U.S.C. § 1343, and 28 U.S.C. § 1331.

3.      This cause of action arose in the District of Colorado. Therefore, venue is proper

1

under 28 U.S.C. § 1391(b).

4.    Timely notice was provided to the Government defendants in accordance with C.R.S. § 24-10-109 (the Colorado Governmental Immunity Act). See **Exhibit 1**.

## PARTIES

5.    Plaintiffs Devin Nesdore, Von A. Nesdore, and Debra Nesdore are, and at all times mentioned herein, citizens of the United States and currently residents of the state of Colorado. Debra Nesdore is the mother of Devin Nesdore and Von Nesdore, who are both adults now. At the time of this incident, on February, 6, 2011, Devin Nesdore was a minor child.

6.    Defendant Adams County Sheriff's Office is an public entity in the state of Colorado.

7.    At all times referred to herein, Defendant Sara Hanson was a police officers employed by Adams County Sheriff's Office. Plaintiff sues Defendant Sara Hanson in her individual and official capacity.

8.    Defendant Douglas Darr is the duly elected Sheriff of the Adams County Sheriff's Office. Defendant Darr is sued in his official capacity.

9.    At all times referred to herein, Defendants acted under color of the laws, statutes, ordinances, regulations, policies, customs, and usages of the state of Colorado and Adams County Sheriff's Office.

## STATEMENT OF FACTS

### A.    General Allegations on Policy and Practice

10.    Plaintiffs, upon information and belief, allege Defendant Adams County Sheriff's Office and Defendant Douglas Darr, acted with deliberate indifference, gross negligence, and

reckless disregard to the safety, security and constitutional and statutory rights of the Plaintiffs and others similarly situated. Defendant Adams County Sheriff's Office and Defendant Douglas Darr maintained, enforced, tolerated, permitted acquiesced in, and applied policies, practices or customs and usages of, among other things,

      a.      Subjecting people to unreasonable uses of force against their persons;

      b.      Selecting, retaining and assigning employees with demonstrable propensities for excessive force, violence and other misconduct;

      c.      Failing to adequately train, supervise, and control employees in the dangers of Taser shocks, including, without limitation, the use of potentially lethal tactics when a suspect does not present a threat of harm to the officer or others, and who may have a pre-existing medical condition which makes such tactics unreasonably dangerous;

      d.      Failing to adequately train, supervise, and control employees in crisis intervention, including, without limitation, the use of police tactics when a suspect is a high risk person with a disability, such as autism;

      e.      Failing to adequately discipline officers involved in misconduct; and

      f.      Condoning and encouraging officers, and on the basis of such information and belief allege, that Defendants Adams County Sheriff's Office and Douglas Darr, authorized, acquiesced in, tolerated, permitted or maintained customs and usages permitting Defendant Hanson to engage in the unlawful and unconstitutional actions, policies, practices, and customs or usages set forth in the paragraphs below. Defendants' (Adams County Sheriff's Office and Douglas Darr) conduct as alleged herein constitutes a pattern of constitutional violations based either on a deliberate

3

plan, deliberate indifference, gross negligence, or reckless disregard to the safety, security, and rights of Plaintiffs and other similarly situated.

**B.     Allegations Regarding the Incident of February 6, 2011**

11.     On February 6, 2011, Debra Nesdore was living with her three sons; Von A. Nesdore, Kody Nesdore, and Devin Nesdore.

12.     Devin Nesdore has autism, seizures, along with thyroid and immune disorders.

13.     On February, 6, 2011 some time before 11am, Devin Nesdore was jabbing Debra Nesdore with a pencil. Debra Nesdore called 911 seeking help from a police officer who had Crisis Intervention Training.

14.     It had been Debra Nesdore's experience that officers with Crisis Intervention Training were capable of calming Devin Nesdore down without incident. In the 911 call, Debra Nesdore specifically requested officers with Crisis Intervention Training.

15.     Before the police arrived at their home, Von Nesdore was able to restrain Devin Nesdore near the front door of the home.

16.     Debra Nesdore went outside to meet the police officers as they arrived at the home.

17.     Defendant Officer Sara Hanson arrived at the house in a patrol car.

18.     Debra Nesdore told Officer Hanson about what had occurred and the house and how she wanted help getting him to go to his room (as prior officers had done to calm him down). Debra Nesdore also explained to Officer Hanson that Devin Nesdore was restrained by his older brother Von Nesdore.

19.     Debra Nesdore then took Officer Hanson into the home through the kitchen into the

4

living room where Von Nesdore had Devin restrained.

20.     Once Officer Sara Hanson saw Von Nesdore and Devin Nesdore on the floor she pulled out here TASER and asked Debra Nesdore to get out of the way.  Debra Nesdore saw the TASER and told Officer Hanson not to deploy it, telling her that Devin Nesdore has seizures.

21.     At the time, Devin Nesdore was not actively resisting being restrained by his brother, Von Nesdore. Devin was effectively under control.

22.     Officer Hanson, without any warning, deployed the TASER probes toward Devin Nesdore and Von Nesdore. Both Devin Nesdore and Von Nesdore felt a jolt, indicating that at least one of the probes did not connect with Devin's physical body. It turned out, Von Nesdore, absorbed most of the shock from the initial tasing, and rolled out of the way.

23.     A TASER was applied by Defendant Hanson a second time to Devin Nesdore in drive stun mode. Officer Hanson then jumped on top of Devin Nesdore and physically restrained him on the floor.

24.     Officer Hanson deployed the TASER without taking any time to assessing the circumstances at all. She had no reason to believe a lesser amount of force, or a verbal command, could not have exacted compliance from Devin Nesdore, or Von Nesdore for that matter.

25.     Adams County Officers Darren Hatterman and Rick Reigenborn arrived on scene soon after the TASER had been deployed.

26.     Officer Hanson eventually handcuffed Devin Nesdore while sitting on his back with his face down on the floor.

27.     Debra Nesdore specifically asked Officer Reigenborn if he would call Officer Nick

Lombardi to the scene, who had worked previously with Devin Nesdore. Debra Nesdore was told Officer Lombardi was not on duty.

28.     Officer Hanson was still sitting on top of Devin Nesdore and telling him she was going to take him to "LINK". Von Nesdore went to a back room to find clothes for Devin Nesdore. Devin Nesdore was in his boxer shorts and had no shoes on. Debra Nesdore went to her bedroom to get shoes and the business card she had for Officer Nick Lombardi.

29.     While Von Nesdore and Debra Nesdore were out of the room, Officers Hanson, Reigenborn, and Hatternman escorted Devin Nesdore out of the house in his boxers without shoes through the snow to a patrol car.

30.     Devin Nesdore was taken by the police officers to St. Anthony's Hospital North for a mental health evaluation.

31.     Von Nesdore was treated at St. Anthony's Hospital North because his right hand and right arm were spasming as a result of the TASER jolt.

32.     Defendant Hanson's deployment of the TASER was unreasonable and led to physical injuries to both Devin Nesdore and Von Nesdore.

33.     After the police arrived, no law was violated by any of the Plaintiffs during this incident. None of the Plaintiffs were charged with violating any law during the course of this incident.

34.     As a direct and proximate result of the above-referenced unlawful and malicious physical abuse of Devin Nesdore and Von Nesdore by Defendant Hanson committed under color of law and under his authority as an Adams County Sheriff's police officer,  Devin Nesdore and Von

Nesdore suffered bodily harm and were deprived of their right to be secure in their persons against unreasonable and excessive seizure of his person, in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States.

### FIRST CLAIM FOR RELIEF
(42 U.S.C. § 1983 - 4th Amendment Excessive Force)
(Defendant Hanson)

35.     Incorporated herein by reference are all allegations made in paragraphs 1 through 34.

36.     Defendant Hanson, acting under color of state law, deprived Plaintiffs Devin Nesdore and Von Nesdore of rights, privileges, and immunities secured by the Constitution and laws of the United States, including those secured by the Fourth Amendment to the Constitution, by, among other things, subjecting them to excessive force.

37.     The level of forced used by Defendant Hanson against Plaintiffs Devin Nesdore and Von Nesdore was not objectively reasonable in light of the totality of the circumstances presented by the situation.

38.     On February 6, 2011, it was clearly established law in Adams County, Colorado that it was not reasonable for a police officer to use a TASER immediately and without warning upon arriving on scene of struggle. *Casey v. City of Federal Heights*, 509 F.3d 1278, 1286 (10th Cir. 2007).

39.     The foregoing wrongful acts of Defendant Hanson caused damages to the Plaintiffs.

### SECOND CLAIM FOR RELIEF
(Negligence)
(Defendant Sara Hanson)

40.     Incorporated herein by reference are all allegations made in paragraphs 1 through 39.

41.     By coming into the Plaintiffs home, Defendant Hanson owed Plaintiffs a duty of due

care, and that duty was breached in that Defendants' negligence and failure to exercise due care in dealing with Plaintiffs.

42.     As a direct and proximate cause of the aforementioned acts of Defendant Hanson, Plaintiffs were injured as set forth above, and are entitled to compensatory damages according to proof.

### THIRD CLAIM FOR RELIEF
(42 U.S.C. § 1983 - Municipal Liability)
(Defendant Adams County Sheriff's Office)

43.     Incorporated herein by reference are all allegations made in paragraphs 1 through 42.

44.     The Adams County Sheriff's Office is vested by state law with the authority to make policy for police officers employed by it on the use of force in making arrests.  The Adams County Sheriff's Office was aware of a pattern of excessive force by police officers employed by Adams County Sheriff's Office; they were aware that the office's policies regarding the discipline of officers accused of excessive force were so inadequate that it was obvious that a failure to correct them would result in further incidents of excessive force; and the failure to correct said policies caused the excessive force to be used upon Plaintiffs Devin Nesdore and Von Nesdore as set forth above. The allegations in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

45.     At all times relevant to this complaint, Defendant Sara Hanson, as a police officers of the Adams County Sheriff's Office was acting under the direction and control of Adams County Sheriff's Office, and was acting pursuant to the official policy, practice, or custom of Adams County Sheriff's Office.

46. Acting under color of law and pursuant to official policy, practice, or custom, Adams County Sheriff's Office intentionally, knowingly, and recklessly failed to instruct, supervise, control, and discipline, on a continuing basis, Defendant Sara Hanson in her duties to refrain from unlawfully and maliciously assaulting and beating citizens and otherwise using unreasonable and excessive force before, or after the making of an arrest.

47. Acting under color of law and pursuant to official policy, practice, or custom, Adams County Sheriff's Office intentionally, knowingly, and recklessly failed to instruct, train, and supervise Defendant Sara Hanson on a continuing basis in the correct procedure for making an arrest and for securing a suspect who is a high risk individual with a disability such as autism.

48. Adams County Sheriff's Office had knowledge, or, had they diligently exercised their duties to instruct, supervise, control, and discipline on a continuing basis, should have had knowledge that the wrongs which were done, as heretofore alleged, were about to be committed. Adams County Sheriff's Office had power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and intentionally, knowingly, or recklessly failed or refused to do so. The allegations in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

49. Adams County Sheriff's Office, directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of Defendant Sara Hanson heretofore described. The allegations in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

50. The unconstitutional actions of Defendant Sara Hanson were representative of an

9

official policy or custom of Adams County Sheriff's Office and were carried out by an official with final policy making authority with respect to those actions. Adams County Sheriff's Office through its deliberate conduct was the moving force behind the injury alleged in this action.

51.     The foregoing wrongful acts of Defendant Adams County Sheriff's Office caused damages to the Plaintiffs.

### FOURTH CLAIM FOR RELIEF
(42 U.S.C. § 1983 - Supervisory Liability)
(Defendant Douglas Darr)

52.     Incorporated herein by reference are all allegations made in paragraphs 1 through 51.

53.     At all times relevant to this complaint, Defendant Sara Hanson, as a police officer of the Adams County Sheriff's Office was acting under the direction and control of Defendant Sheriff Douglas Darr.

54.     Acting under color of law and pursuant to official policy, practice, or custom, Defendant Darr intentionally, knowingly, and recklessly failed to instruct, supervise, control, and discipline, on a continuing basis, Defendant Sara Hanson in her duties to refrain from unlawfully and maliciously assaulting and beating citizens and otherwise using unreasonable and excessive force before, or after the making of an arrest.

55.     Acting under color of law and pursuant to official policy, practice, or custom, Defendant Darr intentionally, knowingly, and recklessly failed to instruct, train, and supervise Defendant Sara Hanson on a continuing basis in the correct procedure for making an arrest and for securing a suspect who is a high risk individual with a disability such as autism.

56.     Defendant Darr had knowledge, or, had he diligently exercised his duties to instruct,

supervise, control, and discipline on a continuing basis, should have had knowledge that the wrongs which were done, as heretofore alleged, were about to be committed. Defendant Darr had the power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and intentionally, knowingly, or recklessly failed or refused to do so.

57.    Defendant Darr directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of Defendant Sara Hanson heretofore described.

58.    Defendant Darr actively participated or acquiesced in the deprivation of Plaintiffs' Constitutional rights. Defendant Darr did so by tacitly authorizing the offending acts.

59.    The foregoing wrongful acts of Defendant Darr caused damages to the Plaintiffs.

### DAMAGES

60.    Plaintiffs have suffered special damages in the form of medical expenses and will suffer additional special damages in the future in an amount which cannot yet be determined.

61.    Plaintiffs Devin Nesdore and Von Nesdore have suffered damages in connection with the deprivation of their constitutional rights guaranteed to them by the Fourth and Fourteenth Amendment of the Constitution of the United States and protected by 42 U.S.C. §§ 1983.

62.    Plaintiffs Devin Nesdore and Von Nesdore have suffered mental pain, suffering, and emotional distress, past and future; loss of life enjoyment and impairment of quality of life, past and future.

63.    In doing the foregoing wrongful acts, the Defendant Sara Hanson acted in reckless and callous disregard for the constitutional rights of Plaintiffs. The wrongful acts were willful,

11

oppressive, fraudulent, and malicious, thus entitling Plaintiffs to an award of punitive damages against them.

## PRAYER

WHEREFORE, the Plaintiffs pray for relief against the Defendants as follows:

Plaintiffs pray for judgment against Defendants named herein, jointly and severally, for compensatory damages in an amount proved at trial, for interest from and after February 6, 2011 as provided by law for, for costs, expenses, and attorney's fees for this action in accordance with 42 U.S.C. § 1988; punitive damages in an amount to be proved at trial against Defendant Hanson for punitive damages in an amount proved at trial; for an order declaring that Defendants have acted in violation of the United States Constitution; and, for an order enjoining Defendants from engaging in any of the unlawful acts, omissions, or practices complained of herein and such other and further relief as the Court deems just and proper.

## JURY DEMAND

**PLAINTIFFS HEREBY DEMANDS TRIAL TO A**

**JURY ON ALL ISSUES SO TRIABLE**

Dated this   1st  day of February, 2013.

Respectfully submitted,

 s/    Michael J. Thomson
Michael J. Thomson, Reg. No. 33592
**PURVIS • GRAY, LLP**
4410 Arapahoe Ave., Suite 200

12

Boulder, Colorado 80303
Telephone: (303) 442-3366
Fax: (303) 440-3688
E-mail: mthomson@purvisgray.net
ATTORNEYS FOR PLAINTIFFS